IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANTONIUS DOGAN**                                                                                          **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO.: 3:15CV48-MPM-SAA**

**BRANDON HODGES**                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Antonius Dogan, a pretrial detainee housed at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against Tallahatchie County Investigator Brandon Hodges. Having fully considered Dogan's allegations and the applicable law, the Court finds that the instant complaint should be dismissed.

### Screening Standards

Because Dogan has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2).

### Discussion

Dogan maintains that he was arrested on or about March 16, 2015, and charged with capital murder. He alleges that he is innocent of the crime, and that he was arrested based solely on uncorroborated hearsay. He claims that Defendant Hodges appeared on national television announcing Dogan's arrest for capital murder. As a result, Dogan maintains, he has suffered an

unlawful and devastatingly public arrest that entitles him to an award of monetary damages and the dismissal of the capital murder charges pending against him.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court. *Id*. at 486-87. Dogan has not yet gone to trial, but he asserts that he has been wrongfully detained and is innocent of the pending charges. While the rule in *Heck* does not extend to pending criminal matters, a successful § 1983 false arrest/illegal detention action would necessarily imply the invalidity of any future conviction that might result from the charge against Dogan and would, therefore, implicate *Heck*. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Accordingly, the Court will dismiss this action without prejudice to Dogan's ability to bring a § 1983 action upon the final resolution of his criminal case.[1]

The Court otherwise determines that Dogan's request for dismissal of the criminal charges pending against him must be denied, as he cannot seek release from confinement in a § 1983 action. Claims that pursue "the very fact or duration of [the plaintiff's] physical imprisonment" and that seek an "immediate release or a speedier release" from confinement must be pursued through habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

While Dogan, as a pretrial detainee, has the right to seek federal habeas relief, it would not benefit him for the Court to construe his complaint as a federal habeas action, as habeas relief "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th*

---

[1] The Court may properly stay Dogan's civil case pending the outcome of his criminal case. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). However, it finds dismissal without prejudice a more efficient use of judicial resources under the circumstances presented.

*Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A detainee seeking to "prevent a prosecution" is pursuing an objective "normally not attainable through federal habeas corpus." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987) (citation omitted). Therefore, to the extent that Dogan is attempting to prevent the State from prosecuting him on the pending charges, he is seeking to "abort" or "disrupt" the normal and "orderly functioning of state judicial processes," and no federal intervention is warranted. *Id.* at 225-26. ("[F]ederal courts should abstain from the exercise of [ ] jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner.").

In sum, Dogan cannot currently obtain the relief he seeks, regardless of whether the instant action is construed as a § 1983 action or as a federal habeas petition. Dismissal is appropriate.

## Conclusion

For the reasons set forth herein, this action is **DISMISSED** without prejudice. All pending motions are **DISMISSED** as moot. A final judgment in accordance with this opinion and order will be entered today.

**SO ORDERED** this the 16th day of April, 2015.

>/s/ Michael P. Mills
>**MICHAEL P. MILLS**
>**U.S. DISTRICT JUDGE**